UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RICARDO REBALDO                                      CIVIL ACTION

VERSUS                                                  NO. 13-6775

BRUCE VARNADO                                  SECTION "N" (2)
    *et al.*

## ORDER & REASONS

Considering the Court's Order, dated September 25, 2014, and the factors stated herein,

**IT IS ORDERED** that Plaintiff's suit against Defendants, Bruce Varnado and Tyna Kilpatrick, is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**I. Background**

Plaintiff, Ricardo Rebaldo, proceeding *pro se*, filed his complaint in this action on January 2, 2014. (Rec. Doc. 2). After originally failing to perfect service on Defendants, service was properly effected on July 31, 2014. (Rec. Doc. 6, 7). A scheduling conference with the case manager was set for September 25, 2014. Rebaldo failed to take part in that conference and did not respond the case manager's attempts to contact him. (Rec. Doc. 13). Shortly thereafter, the Court issued an order rescheduling the September conference to October 14, 2014, indicating therein that, if Rebaldo failed to show up on the designated date or did not contact the Court with sufficient reason for his absence, the Court may, upon motion of the Defendants, dismiss the action. (Id.).

Rebaldo missed the October conference and has not contacted the Court since the early days of this suit. Defendants both moved to dismiss the suit on October 15, 2014, but, due to technical deficiencies in their pleadings, the Clerk's Office did not accept the papers. The parties were given until November 6, 2014 to cure the deficiencies. (Rec. Doc. 15, 17). The Court did not receive any cured documents or communications from Defendants by the required deadline. The Court has not heard from Defendants since October 15, 2014.

**II. Law and Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure provides that the Court, in its discretion, may dismiss any action based on the plaintiff's failure to prosecute its suit or comply with an order of the Court. Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991). A Plaintiff proceeding *pro se* is not exempt from the rules. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). A *pro se* plaintiff who fails to comply with the rules has the burden of showing excusable neglect, which requires a demonstration of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988).

Based on the circumstances cited above, the Court finds that Rebaldo has failed to prosecute his suit in meaningful manner. The Court has been more than lenient with Rebaldo as a *pro se* plaintiff. (See Rec. Doc. 5, 13). However, Rebaldo, on two different occasions, missed scheduling conferences without contacting the Court with sufficient cause for doing so. The Court indicated in its September 25th Order that, if Rebaldo failed to appear for the second conference, his suit would be subject to dismissal. (Rec. Doc. 13). The Court has not heard from Rebaldo since well before the first scheduling conference, which was set to occur more than two and a half months ago. In addition, Defendants moved for dismissal, but, for technical deficiencies, those motions were

inadequate. Therefore, the Court moves on its own discretion and dismisses the suit for failure to prosecute.

## IV. Conclusion

For the reasons stated herein,

**IT IS ORDERED** that Rebaldo's claims against Defendants are hereby dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this 17th day of December 2014.

_____
**KURT D. ENGELHARDT**
**United States District Judge**